IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

Nos. 01-40057 and 01-40462

Summary Calendar

---

RONALD G. DODDS,

Plaintiff-Appellant,

versus

HALLIBURTON ENERGY SERVICES, INC.

Defendant-Appellee.

LUIS PICOT,

Plaintiff-Counter
Defendant-Appellant,

versus

HALLIBURTON ENERGY SERVICES, INC.

Defendant-Counter
Claimant-Appellee.

---

Appeals from the United States District Court
For the Southern District of Texas
(V-00-CV-71 & V-00-CV-96)

---

August 29, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ronald Dodds and Luis Picot appeal the district court's dismissal and order to compel arbitration of their claims under the Age Discrimination in Employment Act (ADEA).[1] We have jurisdiction as this is an appeal from a "final decision with respect to an arbitration."[2] Because Appellants' claims cannot succeed under controlling precedents of this Court and Texas law, we affirm.

I

Luis Picot and Ronald Dodds were both employed at the Victoria, Texas facility of Halliburton Energy Services ("Halliburton"). Both were terminated shortly before their pensions would have vested. Picot was 56 years old when he was terminated; Dodds was 50. The same year that they were terminated, Halliburton adopted the "Halliburton Dispute Resolution Program" (DRP) for handling employee grievances and disputes. Halliburton sent notice and details of the DRP to its employees and indicated that employees who continued to work at Halliburton after the DRP's effective date of January 1, 1998, would have accepted the DRP, which required all legal claims against Halliburton to be resolved through its procedures.

Picot and Dodds, after their respective terminations, filed suit under the ADEA, claiming that they were terminated in order to avoid the vesting of their pensions with Halliburton. The district

---

[1] 29 U.S.C. § 626 *et seq.*

[2] 9 U.S.C. § 16(a)(3). See *Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 85-87 (2000).

court in both cases granted Halliburton's motion to compel arbitration and dismissed the claim.

II

We review a district court's order to compel arbitration *de novo*.[3]

Appellants first argue that the DRP represents a "waiver" of their age discrimination claims and does not satisfy the Older Worker's Benefit Protection Act's (OWBPA) requirements for such a waiver. The OWBPA provides that "[a]n individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary."[4] The OWBPA then delineates the "minimum" requirements of such a waiver including, among other things, that such a waiver be in writing, that it be between the individual and the employer, and that it specifically refer to rights or claims arising under the ADEA.[5] Halliburton's notice with respect to the DRP does not comply with all of these requirements of the OWBPA.[6]

---

[3] *Local 1351 Int'l Longshoremen's Ass'n v. Sea-Land Serv., Inc.,* 214 F.3d 566, 569 (5th Cir. 2000).

[4] 29 U.S.C. § 626(f)(1).

[5] *Id.*

[6] The notice, for example, did not "advise [employees] in writing to consult with counsel." 29 U.S.C. § 626(f)(1)(E). Halliburton remarks that notice of the DRP complied with some of the OWBPA's requirements, but the plain text and the Court's decision in *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998), require strict compliance.

This Court, in *Williams v. CIGNA Financial Advisors, Inc.*,[7] previously determined that the OWBPA's requirement of knowing and voluntary waiver does not apply to arbitration agreements but instead is directed at severance agreements and releases.[8] Thus, under *Williams*, the DRP is not subject to the requirements of the OWBPA and Appellants must pursue their remedies through the DRP.

Appellants argue, however, that *Williams* has been effectively overruled by the Supreme Court's decision in *Oubre v. Entergy Operations, Inc.*[9] In *Oubre*, the Court considered an employee's severance agreement releasing all claims against her employer, including ADEA claims. The Court held that despite the fact that the plaintiff had accepted severance payments, waiver of ADEA claims required strict compliance with the requirements of the OWBPA.

The Court, however, did not address pre-dispute waivers in *Oubre*. Moreover, the Court clearly focused on waivers of substantive rights guaranteed by the ADEA, not procedural rights,

---

[7] 56 F.3d 656 (5th Cir. 1995) (Higginbotham, J.).

[8] *Id*. at 660-61 ("We recognize that Congress, through the OWBPA, has protected terminated employees who waive their substantive rights under ADEA in exchange for a more favorable severance package; however, we find no clear indication that Congress was likewise concerned with protecting employees who agree to arbitrate claims that may arise during the course of their employment."). The First and Third Circuits have agreed with this approach. See *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 12-13 (1st Cir. 1999); *Seus v. John Nuveen & Co.*, 146 F.3d 175, 181-82 (3d Cir. 1998). But see *Duffield v. Robertson Stephenson & Co.*, 144 F.3d 1182, 1190 n. 4 (9th Cir. 1998) (remarking that "current ADEA claims may require different treatment" from those arising before the enactment of the OWBPA).

[9] 522 U.S. 422 (1998).

4

holding that "[t]he statutory command is clear: An employee 'may not waive' an ADEA *claim* unless the waiver or release satisfies the OWBPA's requirements."[10]  As the First Circuit has noted, to the extent that *Oubre* bears on this question, it suggests by use of the term "claims" that the waiver provisions of the OWBPA apply only to substantive rights.[11]  "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum....  We must assume that if Congress intended the substantive protection afforded by a given statute to include protection against waiver of the right to a judicial forum, that intention will be deducible from text or legislative history."[12]  In *Williams* we found no evidence of Congressional intent to include the right to a judicial forum in the waiver protections provided by the OWBPA.  *Oubre* does not affect that conclusion.

Additionally, to interpret the OWBPA to apply to the procedural right to a jury trial would mean that we must hold that OWBPA prohibits pre-dispute arbitration agreements

---

[10] *Id.* at 426-27 (emphasis added).

[11] *Rosenberg*, 170 F.3d at 13.

[12] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).  See also *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 29 (1991) ("Congress ... did not explicitly preclude arbitration ... in [the OWBPA]....").

altogether, as we noted in *Williams*.[13]   Again, Appellants must

demonstrate that Congress clearly intended such a result, and

they have not.[14]

                                   III

    Appellants' remaining arguments consist of doomed state law

claims that the arbitration agreement is void for lack of

consideration and as unconscionable.   We agree with the district

court that the DRP agreement is supported by consideration—the

mutual promise to arbitrate—and that Halliburton's promise is not

illusory because amendment or termination of the agreement by

Halliburton requires a 10 day advance notice to be given.[15]   The

defendant's assertion that the arbitration agreement is

unconscionable is similarly without merit.[16]

                                   IV

    For the foregoing reasons, the judgment of the district

court is AFFIRMED.

---

[13] *Williams*, 56 F.3d at 661.  This is because under the OWBPA an employee cannot "waive rights or claims that may arise after the date the waiver is executed."  29 U.S.C. § 626(f)(1)(C).

[14] *Williams*, 56 F.3d at 661, citing *Gilmer*, 500 U.S. at 26 (placing burden of showing that "Congress intended to preclude a waiver of a judicial forum for ADEA claims" on party seeking to avoid arbitration).

[15] *See In re Alamo Lumber Company*, 23 S.W.3d 577 (Tex. App.–San Antonio 2000) (holding that arbitration agreement was supported by consideration of mutual promise to arbitrate claims). *Cf. J.M. Davidson, Inc. v. Webster*, No. 13-00-626-CV, 2001 WL 587037 (Tex. App.–Corpus Christi May 31, 2001) (holding arbitration agreement void for lack of consideration where employer reserved right to unilaterally abolish or change personnel policy without notice).

[16] *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571 (Tex. 1999) (holding that arbitration agreement was not unconscionable because of unequal bargaining power between parties).